

MAY - 1 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**JAMES W. HAWKINS, JR.,**

    Plaintiffs,

v.

**JUDGE THOMAS PADRICK, *et al.*,**

    Defendants.

Civil Action No. **3:13CV156**

### REPORT AND RECOMMENDATION

James W. Hawkins, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed

this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b)

and 1343. For the reasons that follow, it is RECOMMENDED that Hawkins's claims be

DISMISSED.

#### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any

action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The

first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects,
or causes to be subjected, any citizen of the United States or other person within
the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law . . . .

42 U.S.C. § 1983.

where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face" rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

In his Complaint, Hawkins names as defendants Judge Thomas Padrick, a Circuit Court judge in Virginia Beach, Gregory Turpin, a "Probono lawyer," and Joseph Denardo, the "D.A. for Va. Bch." (Compl. 2–3.)  Hawkins alleges:

> I'm writing in concern to the wrong on 1·8·13 in your honorable Judge Thomas Padrick courtroom #3. Your Honor denied my motion to remove[ ] [counselor] Gregory Turpin. And my reason for such removal at the time as written in Standard 1.0 expresses the lawyer client relationship: (A) In all phases of representation a person accuse [sic] or convicted of a crime. [Counselor] and the client must enjoy a lawyer client relationship and Judge Padrick expressed some real harsh words stating if I interrupt his courtroom to such gibberish he will have me gag [sic] and put in the TV room. Mr. Turpin was an intrest [sic] of conflick [sic] in my case but all was denied. I ask for an appellant request and was denied. So I'm asking for a new trial and a new lawyer. This is my life and I'm taking it with precaution and I'm asking you to do the same.
>
> (B) As general matter, the client after cunsulting [sic] with the lawyer, he holds the ultimate decision making . . . authority over all objections of representation. The lawyer owing his experience, generally chooses the means of obtaining the client objection.
>
> (C) The lawyer "shall" not!!, without the client express authority, enter a plea agree request or enter or wave [sic] a trial by jury, wave [sic] to testify an

appeal lawyer "shall" abide by the client decision, after consultation on these decisions.

To whom it may concern: D.A. Mr. Donato to whom denied me of all such request for a polygraph test. My motion of discoveries, and the gun that was used in this case, any fingerprints, tangables [sic] or artafacts [sic], but yet again I was denied of these very important facts to my case and would like to know why and how anyone with higher understanding ignores or bypass such importancies [sic]. Please as being a big taxpayer in society and contributor to nonprofitable [sic] charities I just can't lay my life down without some of interst [sic] looking into such case.

(Compl. 1-5 through 1-6 (capitalization and punctuation corrected).)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). While Hawkins appears to raise issues about his right to representation under the Sixth Amendment,[2] he also alleges that he had court-appointed counsel. The Sixth Amendment affords a defendant a right to appointed counsel, however Hawkins cannot have a particular counsel of his choosing under the Constitution. *See Valdez v. Runion,* No. 3:09cv753, 2010 WL 3603496, at *8 n.13 (E.D. Va. Sept. 8, 2010) (citing *United States v. Basham*, 561 F.3d 302, 324-25 (4th Cir. 2009); *Daniels v. Lafler*, 501 F.3d 735, 739 (6th Cir. 2007); *United States v. Washington*, 457 F. Supp. 2d 684, 686 (E.D. Va. 2006)).

Additionally, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, it is RECOMMENDED that Hawkins's claims against Defendant Turpin be dismissed.

Further, judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump*, 435 U.S. at 356 (citation omitted). Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those "actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Neither exception applies in this instance. Hawkins faults Defendant Judge Padrick for failing to grant Hawkins's motion to remove his counsel and for admonishing Hawkins for interrupting the court. Both of these acts are within the judge's discretion. *See United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994) (citation omitted) (explaining that a "trial court has the discretion to determine whether a defendant's motion for substitution of counsel should be granted"); *Illinois v. Allen*, 397 U.S. 337, 343–44 (1970) (explaining that binding and gagging or removing a disruptive defendant from the courtroom is constitutionally permissible and that trial judges "must be given sufficient

5

discretion to meet the circumstances of the case"). Thus, it is RECOMMENDED that Hawkins's claims against Defendant Padrick be dismissed.

Finally, prosecutorial immunity bars Hawkin's claims against Defendant Donato. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Lesane*, 2009 WL 4730716, at \*3–4. Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citation omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley*, 509 U.S. at 273. Defendant Donato's purported failure to properly respond to Hawkins's discovery request constitute actions taken by Donato in his role as advocate for the Commonwealth. *See Ohman v. Cnty of Orange*, 460 F. App'x 649, 650 (9th Cir. 2011) (citations omitted) (concluding prosecutor entitled to absolute immunity because "responding to defense discovery requests" was "conduct related to his role as an advocate for the state"); *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) (citation omitted) (concluding that "prosecutors were immune from suit" because "[t]urning over . . . discovery . . . is an action that is clearly related to a prosecutorial function,"). Thus, it is RECOMMENDED that the claims against Defendant Donato be dismissed, and that the action be DISMISSED WITH PREJUDICE for failure to state a claim.

6

Hawkins is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Hawkins.

/s/

M. Hannah Lauck
United States Magistrate Judge

Date: MAY - 1 2014
Richmond, Virginia

7